UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> KAR HOLDINGS, INC. d/b/a SILHOUETTES SHOWBAR, KATHLEEN ROSARIO, <br><br> Defendants. | CASE NO.: 5:19-cv-01414-JMY |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on November 21, 2019 and submit the following report of their meeting for the court's consideration:

1. **Discussion of Claims, Defenses and Relevant Issues**

*You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the factual background that the parties contend support their claims and defenses.*

*Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery. Identify what information each party needs in discovery as well as when and why. Also indicate likely motions and their timing.*

Plaintiff, Joe Hand Promotions, Inc. is a distributor of sports and entertainment programming to commercial locations such as bars and restaurants. At all relevant times, Plaintiff owned the exclusive commercial distribution rights to the entire transmission and broadcasts of

*UFC 223: Khabib v. Iaquinta* telecast on April 7, 2018, and *UFC 229: Khabib v. McGregor* telecast on October 6, 2018 (the "Programs"). Plaintiff's Complaint alleges that Defendants intercepted, received and exhibited the Programs at their commercial establishment in violation of Title 47 U.S.C. Section 553, or in the alternative, Title 47 U.S.C. Section 605. Defendants' actions were committed willfully and for the purpose of financial gain.  Plaintiff seeks statutory damages pursuant to Title 47 U.S.C. Section 553 or Title 47 U.S.C. Section 605 and attorneys' fees/costs as mandated by Title 47 U.S.C. 553(c)(2)(C) or Section 605(e)(3)(B)(iii).  Defendant Kathleen Rosario is the sole officer of KAR Holdings, Inc. and is individually liable under the controlling vicarious liability standard for Communications Act claims.  Plaintiff anticipates filing a Motion for Summary Judgment on liability and damages after the close of discovery and proposes a Dispositive Motion deadline of June 30, 2020.

Defendant:  The defendant, nor any of its duly authorized agents or employees, exhibited the Programs in question.  If the Programs were shown, they were shown without the knowledge or consent of the defendants, and the defendants were innocent infringers.

**2. Informal Disclosures**

*State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.*

*Keep in mind that self-executing discovery must not be delayed until the pretrial conference. If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.*

Plaintiff served its Initial Disclosures on October 23, 2019, providing Defendants with its anticipated witnesses and documents related to Plaintiff's licensing rights and the unauthorized broadcast of Plaintiff's programming. Defendants have not produced Initial Disclosures.

Defendants: The defendants have no discoverable documents relating to this case. The only known witness at this time would be Kathleen Rosario, defendant and officer/shareholder of the corporate defendant, who will testify that she had no knowledge whatsoever of the showing of any Programs. Investigation is continuing.

**3. Formal Discovery**

*Indicate nature, sequence and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally.*

*The discovery deadline should normally be no more than 120 days from the date of the Rule 16 pretrial conference. If the parties believe there are compelling reasons for a longer period of discovery, state them.*

*The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced. The cost of producing the information must be discussed.*

*The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling conference with the court. It is expected that the parties will reach an agreement on how to conduct e-discovery.*

Plaintiff served its Discovery Requests on October 23, 2019. Plaintiff does not request Discovery to be conducted in phases and proposes a March 25, 2020 deadline (120 days from the November 26, 2019 Conference). Discovery will be conducted on the issues and defenses

enumerated above. Plaintiff shall produce electronically stored information via email, CD, Dropbox, or other agreed method.

Defendants: The defendants agree with the plaintiff's proposed discovery deadlines and procedures.

**4. Expert Witness Disclosures**

*Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether depositions of experts will be needed.*

*The parties should expect that the court requires expert reports to be exchanged simultaneously. If there are compelling reasons to stagger the production of expert reports, state them.*

Plaintiff anticipated its experts will be limited to testimony regarding its request for attorney's fees and costs at the conclusion of litigation.

Defendants: The defendants do not anticipate calling any expert witnesses.

**5. Early Settlement or Resolution**

*The parties must familiarize themselves with Local Rule 53.3. Recite the parties' discussion about early resolution through ADR and state what steps were taken by counsel to advise the client of alternative dispute resolution options. Explain any decision not to seek early resolution. State what mediation options the parties may consider and when mediation would be appropriate.*

Plaintiff has made attempts to resolve this matter and provided Defendants' counsel early discovery in furtherance of that goal. Defendants have not made a settlement offer or otherwise attempted to resolve this matter. Plaintiff does not request ADR at this time.

Defendants: The defendants believe that ADR or mediation might be fruitful.

**6.** *Magistrate Jurisdiction*

*Indicate discussion between the parties about having the entire matter transferred to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.*

Plaintiff does not foresee having the entire matter transferred to the jurisdiction of a U.S. Magistrate Judge.

Defendants:  The defendants believe that mediation might be fruitful.

**7. Trial date**

*State the parties' agreement on the three or four week range of time during which the case will be assigned to a trial pool or given a trial date certain.*

Plaintiff anticipates a one (1) day trial to take place in or around October 2020.

Defendants:  The defendants are in agreement.

**8. Other Matters**

*Indicate discussion and any agreement on matters not addressed above.*

Plaintiff: None.

Defendants:  None.

Dated: 11-21-19                              /s/ Ryan R. Janis
                                             Ryan R. Janis, Esq.
                                             Attorney for Plaintiff

Dated: 11-21-19                              /William B. Morrin/
                                              William B. Morrin, Esq.
                                             Attorney for Defendants